UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANITA M. JANSSEN,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | NO: CV-12-502-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 15, 20. The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, and the administrative record.

## JURISDICTION

Plaintiff Anita M. Janssen protectively filed an application for Supplemental Security Income ("SSI") on April 22, 2009. (Tr. 20, 165-67.) Plaintiff initially alleged an onset date of April 22, 2003; however, Plaintiff orally amended her onset date to April 22, 2009, the application date. (Tr. 49, 165.) Benefits were

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

denied initially and on reconsideration. On April 19, 2010, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 88-90.) A hearing was held before ALJ Caroline Siderius on January 20, 2011. (Tr. 34-43.) The Plaintiff was unrepresented at the January 20 hearing and decided at the hearing that she would benefit from the services of counsel. Ms. Janssen retained the services of Maureen Rosette, and a second hearing was held on May 16, 2011. (Tr. 44.) At that hearing, testimony was taken from vocational expert Thomas Polsin; and the claimant, Ms. Janssen. (Tr. 44.) On June 6, 2011, ALJ Siderius issued a decision finding Plaintiff not disabled. (Tr. 20-29.) The Appeals Council denied review. (Tr. 1-3.) This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here. The Plaintiff was thirty-one years old when she applied for benefits and was thirty-three years old when ALJ Siderius issued her decision. The Plaintiff currently is unemployed and lives in a trailer with her two children. The Plaintiff has not worked since leaving a job at a call center in 2003. The Plaintiff describes myriad conditions that keep her from finding employment, including ankle pain, back pain, migraines, and various mental health restrictions that affect her ability to be social in a work setting.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 22, 2009, the application date and amended onset date. (Tr. 22.) At step two, the ALJ found that Plaintiff had the severe impairments of: (1) status-post left ankle injury, (2) obesity, and (3) anti-social personality disorder. (Tr. 22.) The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R. (Tr. 22.) The ALJ determined that the Plaintiff had the RFC to perform sedentary work subject to a variety of non-exertional limitations. (Tr. 24.) Based on these limitations, the ALJ found that claimant could not perform any relevant past work. (Tr. 28.) At step five, the ALJ, relying on the testimony of a vocational expert, found that the Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 28-29.) Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act. (Tr. 29.)

## ISSUES

The Plaintiff argues that the ALJ's decision is not supported by substantial evidence or free of legal error because the ALJ failed to appropriately consider Ms.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Janssen's subjective complaint testimony. The Plaintiff further argues that the ALJ failed provide adequate reasons for rejecting the opinions of Ms. Janssen's examining and reviewing medical sources.

## DISCUSSION

**Subjective Complaint Testimony**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). It is well settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

testimony.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036.  Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons.  *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Commissioner in a policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. SSR 96-7p. The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id.*

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993). Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision. The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss." *Connett*, 340 F.3d at 874. Further, the reviewing court cannot make independent findings to support the ALJ's decision. *Id.*

In this case, ALJ Siderius found no evidence of malingering. Additionally, the ALJ concluded that the "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (Tr. 24.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Accordingly, to affirm ALJ Siderius' credibility determination, the record must provide clear and convincing reasons supporting an adverse credibility finding.

The ALJ provided multiple bases in support of her adverse credibility finding. Ms. Janssen testified at the May 16, 2011, hearing that she could only sit for "[a]n hour or so." (Tr. 56.) However, Ms. Janssen had earlier expressed to examining psychologist W. Scott Mabee, Ph.D., that she "spends most of the day . . . playing her computer game." (Tr. 291.) As the ALJ noted, computer games are typically played while sitting. (Tr. 25.) The ALJ also noted that Ms. Janssen lives independently, takes care of her eight-year- and twelve-year-old children, has no restrictions on dressing, bathing, or other hygiene tasks, is able to attend school-related functions, and is able to go out on her own. (Tr. 25.) Those activities stand in contrast to the limitations described in Ms. Janssen's testimony.

The ALJ also relied on the fact that Ms. Janssen gave reasons other than disability for her lack of work over the eight years prior to the hearing. (Tr. 25.) For example, when Ms. Janssen was asked why she left her last job at a call center, she stated that her "ex-husband worked at the same spot and we were having issues." (Tr. 50.) Similarly, Ms. Janssen reported to Dr. Mabee that she had not worked since 2002 "primarily due to having to deal with 'legal stuff' to keep her children." (Tr. 293.) The ALJ also noted that Ms. Janssen's testimony about her disability was belied by the fact that she completed an online associates degree in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

accounting in 2009.  (Tr. 25.)  As a result of the foregoing, the Court finds that the ALJ provided clear and convincing reasons to find Ms. Janssen's subjective testimony as to her limitations not credible.

The Plaintiff takes issue with the ALJ's failure to specifically address the Plaintiff's testimony that she needs to frequently lie down.  While it is true that an ALJ "must specifically identify the testimony she or he finds not to be credible," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001), ALJ Siderius did just that when she identified Ms. Janssen's testimony as to the limiting effects of her ailments as not credible.  (Tr. 24-25.)  Ultimately, the basis for the specificity requirement is to ensure that a reviewing court can conclude that an ALJ's credibility determination was not arbitrary.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  Given the ALJ's detailed reasons for rejecting Ms. Janssen's subjective testimony, the Court finds that the ALJ did not arbitrarily determine that Ms. Janssen's limitations testimony is not credible.  Accordingly, the Court affirms the ALJ's credibility determination.

**Medical Evidence**

In evaluating a disability claim, the adjudicator must consider all medical evidence provided.  A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart,* 379 F.3d 587, 592  (9th Cir. 2004).  If the treating physician's opinions are not contradicted,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

they can be rejected by the decision-maker only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.)  Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Ms. Janssen argues that ALJ Siderius did not give sufficient weight to the testimony of Robert E. Rust, M.D., who examined her ankle on October 5, 2009. (Tr. 244-246.)  However, Dr. Rust opined that Ms. Janssen could engage in sedentary work and found very little in the way of non-exertional limitations. (Tr. 245.)  Dr. Rust's conclusions are consistent with the ALJ's RFC determination, which limited Ms. Janssen to sedentary work and limited her need to walk. (Tr. 24.)

Ms. Janssen also cites to the report of non-examining physician Ward E. Dickey, M.D., in support of her argument that the ALJ failed to give appropriate weight to the medical evidence.  ECF No. 15 at 9.  However, ALJ Siderius incorporated nearly verbatim all of the restrictions identified by Dr. Dickey in the RFC.  *Compare* (Tr. 248-255) *with* (Tr. 24.)  The one possible deviation noted in the record is that Dr. Dickey's report contains a checked box asserting that Ms. Janssen can stand or walk for "at least 2 hours in an 8-hour workday," (Tr. 249), while ALJ Siderius concluded that Ms. Janssen was limited to no more than three

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

hours of walking or standing in an eight-hour workday. (Tr. 24.) However, the next highest option that Dr. Dickey could have chosen was the option that Ms. Janssen could stand for "about six hours in an 8-hour workday." (Tr. 249.) Given that Dr. Dickey's conclusion was that Ms. Janssen could walk or stand for "at least" two hours, and Dr. Dickey implicitly rejected a conclusion that Ms. Janssen could stand for "about six hours," a finding that Ms. Janssen could stand for three hours is consistent with Dr. Dickey's opinion. Accordingly, the ALJ appropriately weighed Dr. Dickey's report.

The final report cited to by Ms. Janssen in support of her argument is the report of examining psychologist Dr. Mabee. Dr. Mabee opined that Ms. Janssen suffered from various mental health diagnoses, including major depression and a pain disorder. (Tr. 292.) Dr. Mabee also noted that Ms. Janssen suffered "moderate" limitations in her ability carry out detailed instructions, maintain attention, maintain attendance, interact appropriately with the public, and accept instructions. (Tr. 295-96.) However, Dr. Mabee's report defines a "moderate" limitation as one that does not prevent the patient from working at a satisfactory level. (Tr. 295.) Given the Dr. Mabee's conclusion that none of Ms. Janssen's limitations preclude her from performing satisfactory work, the Court finds that ALJ Siderius' RFC determination is consistent with Dr. Mabee's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Therefore, ALJ Siderius appropriately weighed the medical testimony, and the ALJ's conclusion is supported by substantial evidence and free of legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 15, is DENIED.

2. The Defendant's motion for summary judgment, ECF No. 20, is GRANTED.

3. JUDGMENT shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 25th of November 2013.

                                            *s/Fred Van Sickle*
                                              Fred Van Sickle
                                  Senior United States District Judge